UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LUCAS WILKINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:23-cv-4 SNLJ |
| | ) |
| FARMERS HOLDING COMPANIES, | ) |
| d/b/a CAPITAL SAND, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Lucas E. Wilkinson filed a petition in state court against his former employer, the Farmers Holding Companies d/b/a Capital Sand, Inc., for violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA") and the Missouri Service Letter statute, Section 290.140 RSMo.  The defendant removed to this Court based upon plaintiff's claim under the ADA and then moved to dismiss plaintiff's ADA count (Count I) for failure to state a claim.  [Doc. 3.]  Plaintiff has not responded, and the time for doing so has passed.

Plaintiff alleges that he was employed as the defendant's Wet Plant Foreman on or about April 2016.  At some point thereafter, plaintiff was diagnosed with "muscular sclerosis."   (This Court believes plaintiff intended to allege he was diagnosed with multiple sclerosis.)  Plaintiff alleges he was thus disabled under the ADA and under Section 213.055 RSMo.  Plaintiff alleges he was advised on January 10, 2022 that he had

been terminated effective December 31, 2021.  Plaintiff obtained a right to sue letter from the United States Equal Employment Opportunity Commission on October 21, 2022. Plaintiff's Count II states that he sought a Service Letter from defendant under Section 290.140 RSMo but that no letter was ever sent.

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

Defendant moves to dismiss Count I because plaintiff fails to allege facts that support either that he was legally disabled or that he could perform the essential functions of his job, with or without accommodation. To establish a prima facie case of

discrimination under the ADA, plaintiff must show that "(1) the employee is disabled within the meaning of the ADA; (2) the employee is qualified (with or without reasonable accommodation) to perform the essential functions of a job; and (3) the employee suffered an adverse employment action because of the disability." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005); *see also Jackson v. Ferguson-Florissant Sch. Dist.*, No. 4:16CV1412 SNLJ, 2018 WL 2129615, at *3 (E.D. Mo. May 9, 2018).

Plaintiff's allegations are insufficient to state a claim, as he alleges neither that he was disabled within the meaning of the ADA, nor that he was a qualified individual. The ADA defines a disability as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(2)(A). Critically, "[e]vidence of a medical diagnosis of an impairment is insufficient." *Samuels v. Kansas City Missouri Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006). Thus, plaintiff's allegation that he "became disabled with muscular sclerosis" [sic] does not suffice to show he has a disability. In addition, to be a "qualified individual" entitled to ADA protection, "a plaintiff must show that his work performance met the employer's legitimate job expectations," with or without reasonable accommodation. *Mole v. Buckhorn Rubber Prod., Inc.*, 165 F.3d 1212, 1217 (8th Cir. 1999). Plaintiff does not allege any facts to support his status as a qualified individual.

Defendant's motion to dismiss will be granted.

3

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. 3] is **GRANTED**, and Count I is hereby dismissed without prejudice.

Dated this   16th   day of March, 2023.

```
                               _____
                               STEPHEN N. LIMBAUGH, JR.
                               SENIOR UNITED STATES DISTRICT JUDGE
```